**UNITED STATES of America,**
Appellee,

v.

**Hector MENDEZ a/k/a Javier Hector Mendez, Appellant.**

No. 04–1237.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Feb. 18, 2005.

Decided Feb. 25, 2005.

George S. Leone and Sabrina G. Comizzoli, Office of United States Attorney, Newark, NJ, for Appellee.

Jerrold D. Colton, Voorhees, NJ, for Appellant.

Before SLOVITER, AMBRO and ALDISERT, Circuit Judges.

OPINION OF THE COURT

ALDISERT, Circuit Judge.

Appellant Hector Mendez, pursuant to a negotiated plea agreement, pled guilty to one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 (2000). At the sentencing hearing, Mendez's counsel argued that he should be sentenced as a minimal participant based on his role in the offense. Although the district court declined to sentence Mendez as a minimal participant, he did rule that his actions were sufficient to warrant a downward departure under U.S.S.G. § 5K1.1 and sentenced Mendez to 120 months imprisonment followed by five years supervised release. Mendez now appeals that conviction and sentence.

Mendez's appointed counsel, Jerrold D. Colton, has filed a motion and brief stating that, after a conscientious examination of the record and relevant cases, he has determined that Mendez's appeal is fully frivolous. He has requested permission to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We will grant Mr. Colton's request to withdraw and affirm the judgment of the district court.

I.

Because we write only for the parties, who are familiar with the facts, procedural history and contentions presented, we will not recite them except as necessary to the discussion.

116

## II.

In *Anders,* the Supreme Court held that if, after conscientious review of the record, counsel determines that there are no non-frivolous issues for review, he should advise the court and request permission to withdraw. 386 U.S. at 744, 87 S.Ct. 1396. This request must be accompanied by a brief referring to anything in the record that might arguably support the appeal. *Id.* The Third Circuit's Local Appellate Rule ("LAR") 109.2(a) implements the *Anders* command. This Court has a twofold inquiry: (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any non-frivolous issues. *United States v. Youla,* 241 F.3d 296, 300 (3d Cir.2001).

## III.

Here, Mr. Colton has fulfilled LAR 109.2(a)'s requirements. In his brief, counsel explains that the court complied with the proper procedural safeguards: Mendez was fully advised of his constitutional rights; he acknowledged that he read and understood the plea agreement; he indicated that his decision to plead guilty was voluntary and the court established a factual basis for the guilty plea. (App. at 21–44.)

An independent review of the record by this Court uncovers no other non-frivolous issues. Mendez has not filed a *pro se* brief. There are two sentencing issues capable of identification, both of which are frivolous. First, it would have been inappropriate for the court to sentence Mendez as a minimal participant because his role in the conspiracy was equal to that of his co-conspirators. Second, the district court could not have granted a lower downward departure because of the statutory mandatory minimum of ten years. The court granted a 68–month downward departure

from the bottom of the recommended 188 to 235 month sentence range. We conclude that his counsel has "thoroughly scoured the record in search of appealable issues," he found two potential issues and "explain[ed] why those issues [were] frivolous." *United States v. Marvin,* 211 F.3d 778, 780 (3d Cir.2000)

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary.

The judgment of the district court will be affirmed.